UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THOMAS WALKER, *pro se*,

                     Petitioner,

        -against-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,

                     Respondent.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-cv-4204 (DLI) (JMA)

**DORA L. IRIZARRY, United States District Judge:**

    *Pro se* petitioner Thomas Walker seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 28, 2005, Petitioner was convicted, after a jury trial, in New York State Supreme Court, Queens County, of one count of assault in the first degree (N.Y. Penal Law § 120.10[3]) and one count of endangering the welfare of a child (N.Y. Penal Law § 260.10[1]). Petitioner challenges his conviction on the grounds that: (1) the State failed to prove that he had committed depraved indifference first degree assault because an expert testified at trial that as few as two shakes could have caused the victim's injuries; (2) the State failed to prove that he possessed a depraved indifference mens rea because he sought medical attention and performed CPR on the victim; (3) the trial court erred by failing to instruct the jury that depraved indifference is a mental state that the State had to prove beyond a reasonable doubt; and (4) he received ineffective appellate representation when counsel failed to argue that trial counsel was ineffective for failing to preserve appellate issues and for raising unpreserved issues in his appellate brief. (*See generally* Pet.) For the reasons below, the petition is denied in its entirety.

## I. Background

### A. Charges and Trial

On August 1, 2003, Petitioner shook Abijah Dalrymple ("the victim"), a ten-month old child, causing her severe brain and eye damage. The incident rendered the victim blind, unable to move her limbs and unable to eat without the assistance of tubes. Petitioner was charged with the crimes of assault in the first degree on a depraved indifference theory and endangering the welfare of a child. During Petitioner's trial, which began in September 2004, the following individuals testified for the prosecution ("State"): Stephanie Taylor, the victim's mother; Dr. Phyllis Weiner; New York City Police Officer John Roberts, who received the radio call and responded to Petitioner's apartment; Scott Rothschild and Sherri Fiebert, both members of the responding Medical Team; Joanna Bernardi, a physician's assistance; Dr. Solange Benjamin, Dr. Kevin Bock, Dr. Craig Warshall, Dr. Sylvia Kodsi, Dr. Michael Frogel, all of whom treated the victim; Detective Richard Santangelo, who investigated the case; and Dr. Audrey Berman and Dr. Randell Alexander, both experts in pediatrics. Lisa Marshall, Petitioner's wife, Dr. H. Roy Silvers, an expert in neurosurgery, and Dr. Horace Gardner, an expert in ophthalmology, testified for Petitioner. Detective Rodrigo Reyes, an investigator on the case, and Dr. Vincent Deramo, an expert in retinal disease, testified in rebuttal for the State.

Detective Santangelo recounted statements Petitioner made to him describing his version of the incident. Petitioner claimed that the victim needed changing so he put her in the bathtub, went to get a new diaper, heard a noise, and saw the victim's eyes rolled up. (Transcript ("Tr.") 1515-16.) He stated that she bit her tongue, arched her back, and vomited, and her body seized. (*Id.*) Petitioner also stated that he performed CPR and called 911 three times. (*Id.* at 1510.) At the conclusion of the trial, Petitioner was found guilty of both charges. He was sentenced on

January 28, 2005 to a determinate term of fifteen years' imprisonment for the assault, and a definite term of one year for endangering the welfare of a child, both sentences to run concurrently.

B. **Direct Appeal**

Petitioner timely appealed his convictions to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"). Petitioner argued that, subsequent to his trial, the New York State Court of Appeals ("Court of Appeals") decided *People v. Feingold*, 7 N.Y.3d 288 (2006), which overruled existing law and held that "depraved indifference to human life" is a "culpable mental state," and that the State must prove, beyond a reasonable doubt, that a defendant charged with a crime involving depraved indifference possessed that mental state. Petitioner contended that, under the prevailing law at the time of trial, the State sought only to prove depraved indifference by an objective view of the circumstances. Petitioner reasoned that, under the *Feingold* standard, there was insufficient evidence at trial to convict him of first-degree assault and that the court erred because it did not instruct the jury that it must find that Petitioner possessed the mens rea of depraved indifference in order to convict him of first degree assault. (*See generally* Def.-Appellant Brief ("Appellant Brief"); Def.-Appellant Supp. Brief ("Appellant Supp").)

On May 15, 2007, the Appellate Division affirmed the conviction, holding that Petitioner's sufficiency claim was unpreserved and, "in any event . . . [the evidence] was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." *People v. Walker*, 40 A.D.3d 893 (2d Dep't 2007). The Appellate Division also held that Petitioner's remaining jury instruction claim was unpreserved for appellate review. *Id.* On October 17, 2007, the Appellate Division issued a decision denying Petitioner's motion to reargue his appeal.

On June 8, 2007, Petitioner sought leave to appeal to the Court of Appeals. On November 7, 2007 the Court of Appeals issued a certificate denying Petitioner's application. *People v. Walker*, 9 N.Y.3d 993 (2007).

### C. Petition for Writ of Error Coram Nobis

On February 29, 2008, Petitioner moved, *pro se*, for a writ of error *corum nobis*. Petitioner raised the same substantive issues he raised on appeal as well as three additional issues. The additional arguments were: (1) trial counsel was ineffective for failing to preserve the claim that the State failed to prove Petitioner's guilt of the charge of assault in the first degree, (2) trial counsel was ineffective for failing to preserve the claim that the State failed to prove that his conduct did not evince a depraved indifference to human life, and (3) appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to preserve the above two claims and for raising the unpreserved claims in his brief. (*See generally* Mem. in Supp. of Application for a Writ of Error *Coram Nobis* "*Coram Nobis* Mem.")

On July 8, 2008, the Appellate Division denied Petitioner's motion, holding that appellate counsel was effective. *People v. Walker*, 53 A.D.3d 560 (2d Dep't 2008). Petitioner then filed an application for leave to appeal with the Court of Appeals, which was denied on September 29, 2008. *People v. Walker*, 11 N.Y.3d 795 (2008). Petitioner timely filed this petition for a writ of habeas corpus on October 3, 2008.

## II. Applicable Law

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs the review of petitions challenging state convictions entered after 1996, federal courts may grant habeas relief only if the state court's adjudication on the merits:

4

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An "unreasonable determination" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413. A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the state court's application must have been "objectively unreasonable." *Id.* at 409. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*Pro se* petitioner's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court will interpret the petition to raise the strongest arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

A petitioner cannot bring a habeas claim in federal court without first exhausting state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1)(A) (1996). A petitioner's state remedies are deemed exhausted when the petitioner has:

> (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim. Moreover, even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result, then procedurally barred under state law.

*McKethan v. Mantello*, 292 F.3d 119, 122 (2d Cir. 2002) (citations and internal quotation marks omitted).

District courts cannot review a state prisoner's federal claims that are barred by an independent and adequate state ground, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). When a court holds that a claim is unpreserved for appellate review, this is "an independent and adequate state ground that bars a federal court from granting habeas relief." *Butler v. Cunningham*, 313 F. App'x 400, 401 (2d Cir. 2009) (citing *Coleman*, 501 U.S. at 750); *see also Reid v. Senkowski*, 961 F.2d 374, 377 (2d Cir. 1992). Therefore, if a state court's holding contains a statement that a claim is procedurally barred based on a state rule, the federal court may not review it even if the state court also rejected the claim on the merits "in any event." *Fama v. Comm. of Corr. Servs.*, 235 F.3d 804, 811 n.4 (2d Cir. 2000); *see also Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

If a claim has been procedurally defaulted in state court, a federal court may address its merits only if petitioner can show a showing of cause for the default and prejudice to the petitioner or that a fundamental miscarriage of justice will occur if the court does not review the claim. *See Murray v. Carrier*, 477 U.S. 478, 485, 492 (1986); *Wainright v. Sykes*, 433 U.S. 72, 87 (1977); *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective

6

factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *see also Clark v. Perez*, 510 F.3d 382 (2d Cir. 2008). To establish prejudice, petitioner must show that the alleged violation "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### B. Ineffective Assistance of Counsel Standard

Under the Sixth Amendment, a criminal defendant "is guaranteed not just the right to be represented by counsel but the right to the effective assistance of counsel." *Morgan v. Bennett*, 204 F.3d 360, 365 (2d Cir. 2000) (citing *United States v. Cronic*, 466 U.S. 648, 654 (1984); *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984)). To show ineffective assistance of counsel, a petitioner must prove that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. This standard "applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right." *Aparicio,* 269 F.3d at 95 (citing *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985)).

## III. Discussion

### A. Legal Insufficiency (Claims One and Two)

Petitioner's first two claims are that the State failed to provide legally sufficient evidence of Petitioner's guilt of first degree assault and failed to prove beyond a reasonable doubt an essential element of the crime.[1] Petitioner argues that, under the standard set forth in *People v.*

---

[1] Petitioner described his first two claims as two separate arguments but Claim One, trial counsel's failure to object that the State failed to provide legally sufficient evidence of petitioner's guilt of the charge of assault in the first degree, and Claim Two, that trial counsel's

7

*Feingold*, the State failed to prove that he had committed depraved indifference first degree assault because an expert testified at trial that as few as two shakes could have caused the victim's injuries and because he sought medical attention and performed CPR on the victim, showing a lack of requisite mens rea. Respondent argues that this claim is procedurally barred from federal habeas review.

At trial, at the conclusion of the State's evidence, Petitioner's counsel reserved his motions to the end of all of the evidence. (Tr. 1861-62.) Then, after he had rested, counsel moved to dismiss the case because it would be "speculation" to allow as few as two shakes "to be considered depraved or recklessly depraved for Assault 1." (*Id*. at 2153.) However, Petitioner never argued at trial that the State was obligated to prove that he acted with a particular mens rea of depraved indifference, as he did on appeal. *See id.* at 290. The Appellate Division thus ruled that Petitioner's claim was unpreserved for appellate review. *People v. Walker*, 40 A.D.3d 893, 893 (2d Dep't 2007). The court provided a plain statement that this claim was unpreserved under established New York law. *Id.*

Petitioner appears to argue that, despite the procedural default, federal habeas review is appropriate because trial counsel's ineffective assistance was the cause for the default. Petitioner contends that counsel failed to make specific objections regarding the State's failure to provide legally sufficient evidence of Petitioner's guilt or prove that Petitioner's conduct evinced a depraved indifference to human life. (*See generally* Pet.)[2]

---

failure to object that the State failed to prove an element of the charge, are two different ways of describing the same claim. (*See generally* Pet.) Therefore, the court shall address petitioner's first two claims together as the "legal insufficiency" claim.

[2] Respondent argues that Petitioner did not exhaust the ineffective assistance of trial counsel claim because it was not raised on direct appeal. (*See generally* Habeas Opp'n 14.) Respondent's contention is incorrect. Petitioner asserted the claims of ineffective assistance of

The court must review trial counsel's "conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct.'" *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994) (quoting *Strickland*, 466 U.S. at 690). Although trial counsel did not address whether Petitioner possessed a sufficient mens rea to be found guilty in his objection at trial, counsel had no reason to foresee a subsequent change in the law that could potentially render preservation of this particular issue relevant. Thus, trial counsel made an appropriate motion to dismiss based on the status of the law at the time of trial and cannot be held ineffective for failing to anticipate future changes in the law. *See Alexander v. Graham*, 2008 WL 4239167, at *7 (E.D.N.Y. Sept. 11, 2008) (trial counsel was not ineffective for failing to anticipate the change in New York law that occurred as a result of *People v. Feingold*).

Petitioner also argues in his reply brief that the subsequent change in the law was the reason why counsel was not more specific in his objection to the sufficiency of the evidence. (Reply at 4-5 (citing *Murray*, 477 U.S. at 488).) The change in the law as a result of *Feingold* has been held to be a basis for cause where counsel made appropriate motions regarding sufficiency of the evidence at trial. *See Fernandez v. Smith*, 558 F. Supp. 2d 480 (S.D.N.Y. 2008) (finding that there was cause for the procedural default because "given the evolving state of the law on the definition of 'depraved indifference'" at the time of trial "counsel could not do more than argue that the evidence was legally insufficient to sustain a conviction for depraved

---

trial counsel and appellate counsel for the first time in his petition for writ of *corum nobis* (*see generally Coram Nobis* Mem.), and the Appellate Division denied the writ, *People v. Walker*, 53 A.D.3d 560 (2d Dep't 2008). Although the Appellate Division mentioned only appellate counsel, the claim was technically adjudicated. *Aparicio*, 269 F.3d at 92 ("Although the trial counsel claim was not explicitly addressed, it was . . . adjudicated; the Appellate Division denied [the] *coram nobis* application. Thus, this claim is exhausted.") (internal citations omitted). The ineffective assistance of trial counsel claim therefore is properly exhausted. However, the claim is procedurally barred because petitioner did not raise the claim on direct appeal. *See id.* at 90. Regardless, as described above, the insufficiency of the evidence claim fails on its merits.

indifference murder," and that "[t]he evolvement of the law is surely an 'objective factor external to the defense' that trial counsel could not reasonably have foreseen at the time of trial").

Whether or not Petitioner can show cause, the outcome of Petitioner's claim is unaffected because he cannot show that he was prejudiced. On appeal, counsel argued that there was insufficient evidence to convict Petitioner of first degree assault because the State failed to prove he acted with a mens rea of depraved indifference. (*See generally* Appellant Brief, Appellant Supp.) While noting that the claim was unpreserved for appellate review, the Appellate Division also stated that the claim was meritless. *See Walker,* 40 A.D.3d at 834. Therefore, because the court rejected the claim, Petitioner is unable to show a reasonable probability that, but for trial counsel's failure to object, the result of the proceeding would have been different. *See Waters v. McGuiness*, 2003 WL 21508318, at *3 (E.D.N.Y. June 16, 2003) ("The Appellate Division reached the merits of the claim on direct appeal and held that the verdict was legally sufficient to establish guilt beyond a reasonable doubt and that it was not against the weight of the evidence. Even if counsel was ineffective for failing to preserve the claim, therefore, petitioner was not prejudiced because the Appellate Division entertained the claim and rejected it on the merits.").

Moreover, even if the court were to consider the merits, the claims fail. With respect to challenges regarding the sufficiency of the evidence supporting a conviction for depraved indifference murder, the court must look to New York law as it existed at the time Petitioner's conviction became final. *Archer v. Fischer*, 2009 WL 1011591, at *8 (E.D.N.Y. Apr. 13, 2009) (citing *Williams v. Phillips*, 2008 WL 5262317, at *1 n.2 (2d Cir. Dec. 18, 2008)).[3] A conviction becomes final 90 days after the Court of Appeals denies leave to appeal. *Id.* Here, Petitioner's

---

[3] The court notes that the Court of Appeals has held that *Feingold* does not apply retroactively and thus does not apply to cases that were final prior to the decision in *Feingold*. *Policano v. Herbert*, 7 N.Y.3d 588 (2006).

direct appeal was not decided until 2007, which was after *Feingold* had been decided. Because Petitioner's conviction was not final until after *Feingold* had been decided, the court examines Petitioner's claims to determine if there would have been a different outcome had *Feingold* applied at trial. *Fernandez v. Smith*, 558 F. Supp. 2d 480, 498-502 (S.D.N.Y. 2008) (applying *Feingold* where petitioner's trial was prior to *Feingold*, but his conviction became final after).

The change in the law due to *Feingold* would not have affected petitioner's trial. Indeed, *Feingold* does not appear to change the law in the dramatic way that Petitioner suggests. In *Feingold,* the New York Court of Appeals reached the issue of whether depraved indifference was a culpable mens rea only because it was compelled to do so by the particular facts of the case. 7 N.Y.3d at 295. In the case, "the fact-finder actually pronounced defendant *innocent* of the core criminal element, depraved indifference." *Feingold*, 7 N.Y.3d at 295 (emphasis in original). The court also held that a depraved state of mind may still be found from the circumstantial evidence at trial, and might even have been found under the facts in *Feingold*, had the fact finder not found explicitly to the contrary. *Id*. at 296. Here, there is no basis to show that the jury found Petitioner innocent of the core criminal element.

Moreover, the purpose of the cases leading up to *Feingold* was to distinguish circumstances where the defendant committed an intentional act from those where the defendant acted with depraved indifference. *See Elkady v. Herbert*, 2010 WL 2134297, at *6 (E.D.N.Y. May 26, 2010) ("As stated by the Court of Appeals, [t]he purpose of [the] new interpretation of 'under circumstances evincing a depraved indifference to human life' [was] to dispel the confusion between intentional and depraved indifference murder, and thus cut off the continuing improper expansion of depraved indifference murder.") (internal quotation marks and citations omitted). The circumstances here are in stark contrast to the facts of cases leading up to and

after *Feingold*, in which courts have found that the intentional acts, such as stabbing or hitting a person and fleeing without summoning assistance, could not have constituted depraved indifference murder. *See Fernandez v. Smith*, 558 F. Supp. 2d 480, 502-03 (S.D.N.Y. 2008) (describing several cases in which intentional acts did not constitute depraved indifference murder); *Farino v. Ercole*, 2009 WL 3232693, at *15 (E.D.N.Y. Sept. 30, 2009) (citing cases and noting that they "were overturned because they each showed a mental state of intent, and no other"); *Webb v. Walsh*, 2010 WL 2985879, at *3 (E.D.N.Y. July 23, 2010) (petitioner was properly convicted of depraved indifference murder where he did not intend to kill the victim).

Indeed, the Court of Appeals has recognized that, although the typical depraved indifference case involves actions that are not taken against a particular individual, there is also a "species of depraved indifference murder in which the acts of the defendant are directed against a particular victim but are marked by uncommon brutality-coupled not with an intent to kill, . . . but with depraved indifference to the victim's plight." *People v. Payne*, 3 N.Y.3d 266, 272 (2004). Examples include instances "where, without the intent to kill, the defendant inflicted continuous beating on a three-year-old child, fractured the skull of a seven-week-old baby [and] repeatedly beat a nine year old." *Id.* The circumstances here are quite similar to those described by the Court of Appeals, as Petitioner's actions were directed at a small child without the intent to kill. Therefore, his crime is properly characterized as depraved indifference and not intentional murder, and *Feingold* likely would not have changed the outcome of Petitioner's trial.

Moreover, Petitioner's claims merely attack the credibility determinations by the jury regarding the expert testimony and the alleged CPR petitioner performed on the victim. However, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *accord Maldonado v. Scully*, 86 F.3d 32, 35

(2d Cir. 1996) ("[A]ssessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on [habeas] appeal."). Habeas corpus relief must be denied if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). This sufficiency of the evidence "inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). As petitioner has provided no basis to show that the decision to convict was not rational, petitioner's claims are without merit. Petitioner's first two claims must therefore be dismissed.

### B. Jury Instruction Claim (Claim Three)

Petitioner's third claim is that the trial court erred by failing to instruct the jury that depraved indifference is a mental state that has to be established beyond a reasonable doubt. (Appellant Supp. 11.) The Appellate Division ruled that the claim was unpreserved for appellate review, *Walker*, 40 A.D.3d at 893, and Respondent argues that this bars federal habeas review. As with his first claim, Petitioner appears to contend that ineffective assistance of trial counsel was the cause for the procedural default because he did not object to the jury instructions, which did not include a discussion of any requirement concerning the mens rea of depraved indifference. (*See generally* Habeas Pet.)[4] As with Petitioner's previous claim, trial counsel cannot be held ineffective for failing to anticipate future changes in the law. Petitioner does not

---

[4] Respondent argues that Petitioner's assertion of ineffective assistance of trial counsel was not exhausted on direct appeal. As discussed in Part III.A., *supra*, this argument fails, although the ineffective assistance claim is procedurally barred because Petitioner did not raise it on direct appeal. *See Aparicio*, 269 F.3d at 90. Regardless, as described above, Petitioner cannot show prejudice.

13

argue that the change in the law is the cause for the procedural default of his jury instruction claim. (*See* Reply.) However, because Petitioner is *pro se*, the court will construe Petitioner's brief as asserting this argument with regard to this claim.

Even if Petitioner can properly show cause, his claim fails because he cannot show that he was prejudiced. As described above, the change in the law due to *Feingold* would not have affected petitioner's trial. Thus, even if the trial court had given an alternative jury instruction about mens rea, the result in Petitioner's trial likely would have been unchanged. The trial court instructed the jury that, "a person is guilty of assault in the first degree when under the circumstances evincing a depraved indifference to human life . . . he recklessly engages in conduct which creates a grave risk of death to another person and thereby causes serious . . . injury." (Tr. 2243.) The court then said that such conduct "is more serious and blameworthy than merely reckless conduct. It is conduct which beyond being reckless is so wanton, so deficient in moral sense and concern, so devoid of regard for . . . lives of others as to equal in blameworthiness intentional conduct which produces the same result." (*Id*. at 2244-45.) The court instructed the jury "to decide whether the circumstances surrounding his reckless conduct, when objectively viewed, made it so uncaring, so callous, so dangerous, so inhuman as to demonstrate an attitude of total and utter disregard for the life of the person . . . in danger." (*Id*. at 2245.) While the court did not instruct the jury that they must find that Petitioner possessed a mens rea of depraved indifference in order to convict, the same evidence that led the jury to find Petitioner acted recklessly under depraved circumstances would likely have led the jury to find he possessed the requisite mens rea.

As such, Petitioner is unable to demonstrate a reasonable probability that, but for trial counsel's failure to object, the results of the proceedings would have been different. Petitioner's third claim must therefore be dismissed.

### C. Ineffective Assistance of Appellate Counsel (Claim Four)

Petitioner also argues that appellate counsel was ineffective. The state court denied this claim. *See People v. Walker*, 53 A.D.3d 560 (2d Dep't 2008); *People v. Walker*, 11 N.Y.3d 795 (2008). Although the state courts in this case did not give a full analysis of the ineffectiveness of appellate counsel claim, we still treat the claim for AEDPA purposes as one that was "adjudicated on the merits." *See Sellan v. Kuhlman*, 261 F.3d 303, 311-13 (2d Cir. 2001). Therefore, this court cannot grant habeas relief unless the state court's decision was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Our review must focus on whether the state courts' denial of Petitioner's claim rested upon an unreasonable application of *Strickland*, which is the relevant clearly established federal law. *See Aparicio v. Artuz*, 269 F.3d 78, 94-95 (2d Cir. 2001). A habeas petitioner "must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state court applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 689 (2002).

Neither the Appellate Division nor the New York Court of Appeals addressed Petitioner's ineffectiveness of appellate counsel argument beyond a brief statement that the argument was

without merit. In the absence of any expressed reasoning behind this conclusion, we turn directly to the facts of the case to determine whether *Strickland* was applied unreasonably. *See Aeid v. Bennett*, 296 F.3d 58, 62 (2d Cir. 2002) (where the state court "summarily rejected" the Petitioner's ineffective assistance of counsel claim without explanation, "we must focus on the ultimate decisions of those courts, rather than on the courts' reasoning"); *Eze v. Senkowski*, 321 F.3d 110, 125 (2d Cir. 2003) (reviewing counsel's performance at trial where state court failed to articulate its reasoning for denying ineffective assistance of counsel claim).

Petitioner claims that his appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel on direct appeal. (Pet. 5) As discussed above (*see supra* Parts III.A. and III.B.), Petitioner cannot show that trial counsel was ineffective. Therefore, even if this claim had been raised on appeal, it would not have been successful. Appellate counsel cannot be found to be ineffective for failing to raise a meritless claim. *Wesley v. Alexander*, 2010 WL 2710609, at *9 (E.D.N.Y. July 7, 2010); *Torres v. Fisher*, 2010 WL 1338088, at *10 (S.D.N.Y. Mar. 31, 2010). Further, "in attempting to demonstrate that appellate counsel's failure to raise a state claim constitutes deficient performance, it is not sufficient for the habeas petitioner to show merely that counsel omitted a non-frivolous argument, for counsel does not have a duty to advance every non-frivolous argument that could be made." *Ramchair v. Conway*, 601 F.3d 66, 72 (2d Cir. 2010) (citing *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir. 1994)). In sum, appellate counsel was not ineffective by declining to raise a claim of ineffective assistance of trial counsel. Therefore, the state court's denial of this claim was not contrary to federal law.

Petitioner also claims that appellate counsel was ineffective for raising unpreserved issues in his appellate brief. (Habeas Pet. 5) Petitioner provides no basis for this assertion. Appellate counsel cannot be deemed ineffective for raising unpreserved issues. Appellate

counsel may "raise an unpreserved issue in the hope of convincing the appellate court to review the unpreserved issue in the exercise of its interest of justice jurisdiction." *Sutherland v. Senkowski*, 2003 WL 22953066, at *12 (E.D.N.Y. Oct. 17, 2003). Courts in this Circuit have repeatedly held that appellate counsel is not ineffective for raising an unpreserved issue. *See Prince v. Ercole*, 2009 WL 1172851, at *13 (E.D.N.Y. May 1, 2009); *Sutherland*, 2003 WL 22953066, at *12; *Richburg v. Hood*, 794 F. Supp. 75, 77 (E.D.N.Y. 1992) ("This court cannot conclude that the decision by appellate counsel to raise an unpreserved issue on appeal and to address this issue to the interest-of-justice jurisdiction of the appellate court constituted 'representation . . . below an objective standard of reasonableness.'") (quoting *Strickland*, 466 U.S. at 687-88, 694). In sum, Petitioner cannot show that the state court's holding was contrary to federal law. The claim is therefore without merit.

### III. CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is denied. A certificate of appealability shall not issue, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 8, 2011

/s/
DORA L. IRIZARRY
United States District Judge